Graves, J.:
On the 24th of May, 1874, Hecox called on Sherwood, who was a farmer living a few miles from Kalamazoo, and proposed that he should give him an order for a “Marsh harvester,” and after some talk, Hecox produced a printed blank for the order, filled it up and Sherwood signed it, but Hecox did not. It was *197 addressed to “E. A. Hecox, agent for Marsh harvester.” The general form of the blank was that of an order on the manufacturers, but as printed it contained several provisions which might or might not be applicable, and some of which could hardly stand together at' all in any one case. It was meant to be fitted to bargains by filling in what should be necessary, and striking out every thing inconsistent.
At the foot a place was indicated for the agent’s signature, and just above the place' for signing, and separate from the body of the blank, was a collection of specifications in very small type, but under the head of “warranty,” printed in large and distinct type. As the paper was left to read by Hecox, it was in terms inconsistent and ambiguous. It purported to order a machine to be shipped to Sherwood at Kalamazoo, on or before June 15th, and stated that on its arrival there he would give his note for two hundred dollars, to fall due in ■October, 1875, with interest at ten per cent., in case the machine were answerable to the underwritten warranty, and would re-deliver it at Kalamazoo at his own cost if not answerable to the warranty, and the ^specifications under the head of warranty implied that the machine should be subjected to actual test in the harvest field. There was also a specification that if the machine failed, notice was to be given to Hecox.
It was evidently contemplated that the machine should be tried in the harvest then close at hand. Some of the specifications were inapplicable, and should have been erased. The parties were not governed by the literal terms, and disregarded some and waived others.
The machine was not shipped to Kalamazoo, but was delivered at Sherwood’s residence, and at that time the note was not offered nor required. Sherwood was allowed to go on and test the machine without any claim'by Hecox that the note should be given first. He did test it and found it a failure. He caused Hecox to be notified, and boxed up the machine as when delivered to him, set it one side and completed his harvest by other means. Hecox came on and Sherwood offered to re-deliver the machine at Kalamazoo, but Hecox refused and demanded the *198 note, claiming he was entitled to it whether the machine was good or bad. Sherwood refused to give the note, and Hecox brought this suit during the time the note was to run, to recover his damages for its not being given. Sherwood gave no notice of recoupment, but claimed that he was not bound to give the note at all. The court was of opinion that he was required to give the note, and that if he had any defense at all it was by way of recoupment, and having failed to give notice of that defense, Hecox was entitled to a verdict for the amount of the note, with interest at ten per cent, to the time of trial, and under the judge’s direction the jury so found. We think the court erred. Hpon a fair view of the whole-transaction, we think it was understood that Sherwood should not be bound to pay for the machine if it failed to perform, and the undisputed facts show a substantial failure. The giving of the note was deferred until the trial of the machine, and after its failure, Hecox waived re-delivery at Kalamazoo, and the transaction was at an *end. Sherwood was not bound to keep it and pay for it, and hence was not bound to give security to pay for it. It was not such a machine as he had agreed to give his note for, and there was no consideration for the note.
The judgment must be reversed, with costs of both courts,, and a new trial ordered.
The other justices concurred.